UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

2010 JUN -9 PM 12:00

UNITED STATES OF AMERICA

INDICTMENT

v.

NO. 1:10CR-27-M

18 U.S.C. § 2
18 U.S.C. § 371
42 U.S.C. § 1973i(c)

**TONY GUMM**
**MARTHA HUGHES**
**COREY PAGE**
**MICHAEL PAGE**
**BILLY PROFFITT**
**TODD NEWPORT**

INTRODUCTION

At the specified times and at all relevant times:

1. On November 7, 2006, pursuant to the laws of the United States and the Commonwealth of Kentucky, a general election was held in Monroe County, Kentucky, in the Western District of Kentucky, for the purpose of electing, among others, a candidate for the office of Member of the United States House of Representatives, and that election is hereafter referred to in this Indictment as "the general election."

2. Absentee ballots in the general election were cast in a voting booth at the Monroe County Courthouse in Tompkinsville, Kentucky, in the Western District of Kentucky, for a twelve day period prior to the general election. Absentee ballots were available to voters who affirmed that they were going to be out of Monroe County on election day.

3. Voters in the general election who affirmed that they were blind, or suffering from a disability, or who were unable to read the English language were entitled to assistance when they cast their absentee ballots. A voter receiving assistance could be accompanied into the voting booth by an assister who was required to operate the voting machine in accordance with the directions of the voter requiring assistance.

4. Defendant **TONY GUMM** had run unsuccessfully for the office of Magistrate in the May 2006 primary election and was running as a write-in candidate for that office during the general election.

5. Defendants **MARTHA HUGHES, COREY PAGE, MICHAEL PAGE, BILLY PROFFITT** and **TODD NEWPORT** were residents of Monroe County, Kentucky, who supported defendant **TONY GUMM'S** candidacy in the general election, as well as the candidacies of other individuals on the ballot during the general election.

6. The voters referred to herein were all residents of Monroe County, Kentucky, in November, 2006, and were registered to vote in the general election.

The Grand Jury Charges:

## COUNT 1

7. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in the Introduction to the Indictment, and further alleges that:

8. Beginning in or about October, 2006, the exact date being unknown to the grand jury, and continuing to on or about the general election on November 7, 2006, in Monroe County, in the Western District of Kentucky, **TONY GUMM, MARTHA HUGHES, COREY PAGE,**

**MICHAEL PAGE, BILLY PROFFITT** and **TODD NEWPORT** did knowingly, willfully and unlawfully combine, conspire, and agree together and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and willfully pay and offer to pay voters for voting in the general election, in violation of 42 U.S.C. § 1973i(c).

## OBJECT OF THE CONSPIRACY

9. The object and purpose of the conspiracy was to secure the election of certain candidates, including defendant **TONY GUMM**, in the general election.

## MANNER AND MEANS

10. The manner and means by which the conspiracy was carried out included, among others, the following:

    A. Defendants and others would and did pay and offer to pay voters for voting for defendant **TONY GUMM** and other candidates in the general election.

    B. Defendants and others would and did instruct voters to enter the Monroe County Courthouse in Tompkinsville, Kentucky, to request to vote in the general election by absentee ballot.

    C. Defendants and others would and did encourage voters in the general election to make false statements to the Monroe County Clerk so that defendants **MARTHA HUGHES, COREY PAGE, MICHAEL PAGE, BILLY PROFFITT** and **TODD NEWPORT** could accompany voters into the voting booth and mark the voter's ballots.

D. Defendants **TONY GUMM** and **COREY PAGE** and others would and did encourage voters in the general election to use false addresses at the office of the Monroe County Clerk's Office so that defendant **COREY PAGE** could mark the voter's ballots for candidates in races within the city limits of Tompkinsville and certain Magisterial Districts where defendant **TONY GUMM** and other candidates were running for office.

E. Defendants would and did pay voters for voting in the general election.

## OVERT ACTS

11. In furtherance of the conspiracy, and to accomplish the object thereof, the defendants and their co-conspirators committed the following Overt Acts, among others, in the Western District of Kentucky:

A. On or about October 24, 2006, defendant **TONY GUMM** offered L. W. $50 for voting.

B. Subsequently, on or about October 24, 2006, defendant **MARTHA HUGHES** accompanied L. W. into the voting booth and voted L. W.'s ballot.

C. On or about October 24, 2006, defendant **TONY GUMM** offered to pay J. H. money for voting.

D. On or about October 24, 2006, defendant **TONY GUMM** instructed J. H. to falsely inform the Monroe County Clerk that he, J. H., needed assistance to operate the voting machine, so that defendant **MARTHA HUGHES** could accompany J. H. into the voting booth and vote J. H.'s ballot.

E. Subsequently, on or about October 24, 2006, defendant **MARTHA HUGHES** accompanied J. H. into the voting booth and voted J. H.'s ballot.

F. Subsequently, on or about October 24, 2006, defendant **TONY GUMM** paid J. H. for voting.

G. On or about October 25, 2006, defendant **TONY GUMM** offered to pay M. L. for voting.

H. Subsequently, on or about October 25, 2006, defendant **MARTHA HUGHES** transported M. L. from defendant **TONY GUMM'S** car dealership to the Monroe County Courthouse so M. L. could cast an absentee ballot.

I. Subsequently, on or about October 25, 2006, defendant **MARTHA HUGHES** instructed M. L to falsely inform the Monroe County Clerk that she, M. L., needed assistance to operate the voting machine, so that defendant **MARTHA HUGHES** could accompany M. L. into the voting booth and vote M. L.'s ballot.

J. Subsequently, on or about October 25, 2006, defendant **MARTHA HUGHES** accompanied M. L. into the voting booth and voted M. L.'s ballot.

K. Subsequently, on or about October 25, 2006, defendant **MARTHA HUGHES** paid M. L. $20 for voting.

L. On or about October 26, 2006, defendant **TONY GUMM** offered to pay J. J. for voting

M. On or about October 26, 2006, defendant **TONY GUMM** instructed J. J. to falsely inform the Monroe County Clerk that she, J. J., needed assistance to operate the voting machine, so that defendant **MARTHA HUGHES** could accompany J. J. into the voting booth and vote J. J.'s ballot.

N. Subsequently, on or about October 26, 2006, defendant **MARTHA HUGHES** accompanied J. J. into the voting booth and voted J. J.'s ballot.

O. Subsequently, defendant **TONY GUMM** paid J. J. for voting.

P. In or about October 2006, defendant **COREY PAGE** told J. P. that he could receive money for voting an absentee ballot and directed J. P. to meet him at the Monroe County Courthouse to vote by absentee ballot.

Q. Subsequently, on or about October 26, 2006, defendant **COREY PAGE** met J. P. at the Monroe County Courthouse.

R. On or about October 26, 2006, defendant **COREY PAGE** instructed J. P. to use a false address at the office of the Monroe County Clerk's Office.

S. Subsequently, defendant **COREY PAGE** accompanied J. P. into the voting booth, where J. P. cast a vote for Mitchell Page, the father of defendant **COREY PAGE**.

T. Subsequently, on or about October 26, 2006, defendant **COREY PAGE** directed J. P. to go to defendant **TONY GUMM'S** car dealership where a co-conspirator paid J. P. $50 for voting.

U. On or about October 26, 2006, defendant **BILLY PROFFITT** transported G. F. to the Monroe County Courthouse so G. F. could cast an absentee ballot.

V. Subsequently, on or about October 26, 2006, defendant **BILLY PROFFITT** accompanied G. F. into the voting booth and voted G. F.'s ballot.

W. Subsequently, on or about October 26, 2006, defendant **BILLY PROFFITT** transported G. F. to defendant **TONY GUMM'S** car dealership where defendant **BILLY PROFFITT** paid G. F. $40 for voting.

X. On or about October 27, 2006, defendant **COREY PAGE** offered to pay and paid A. B. $25 for voting.

Y. Subsequently, on or about October 27, 2006, defendant **COREY PAGE** met A. B. and instructed her to vote for defendant **TONY GUMM**, Beverly McClendon, Mitchell Page, and Jerry "Slick" Gee.

Z. On or about October 27, 2006, defendant **COREY PAGE** instructed A. B. to use a false address at the office of the Monroe County Clerk's Office so that A. B. could vote for defendant **TONY GUMM** and mayoral candidate Beverly McClendon.

AA. Subsequently, on or about October 27, 2006, defendant **COREY PAGE** accompanied A. B. into the voting booth and voted A. B.'s ballot.

BB. On or about October 27, 2006, defendant **MICHAEL PAGE** paid M. G. $80 for voting.

CC. On or about October 28, 2006, defendant **TONY GUMM** paid J. G. $50 for voting.

DD. On or about October 28, 2006, defendant **MICHAEL PAGE** transported J. R. from defendant **TONY GUMM'S** car dealership to the Monroe County Courthouse so J. R. could cast an absentee ballot.

EE. Subsequently, on or about October 28, 2006, defendant **MICHAEL PAGE** instructed J. R. to provide false information to the Monroe County Clerk about his intended whereabouts on election day so that J. R. could vote by absentee ballot.

FF. Subsequently, on or about October 28, 2006, defendant **MICHAEL PAGE** instructed J. R. to falsely inform the Monroe County Clerk that he, J. R., needed

assistance to operate the voting machine, so that defendant **MICHAEL PAGE** could accompany J. R. into the voting booth and vote J. R.'s ballot.

GG. Subsequently, on or about October 28, 2006, defendant **MICHAEL PAGE** transported J. R. to defendant **TONY GUMM'S** car dealership where defendant **TONY GUMM** paid J. R. $30 for voting.

HH. Subsequently, on or about October 28, 2006, defendant **MICHAEL PAGE** paid J. R. $20 for voting.

II. On or about October 28, 2006, defendant **BILLY PROFFITT** instructed P. P. to provide false information to the Monroe County Clerk about her intended whereabouts on election day so that P. P. could vote by absentee ballot.

JJ. Subsequently, on or about October 28, 2006, defendant **MICHAEL PAGE** instructed P. P. to falsely inform the Monroe County Clerk that she, P. P., needed assistance to operate the voting machine, so that defendant **BILLY PROFFITT** could accompany P. P. into the voting booth and vote P. P.'s ballot.

KK. Subsequently, on or about October 28, 2006, defendant **BILLY PROFFITT** accompanied P. P. into the voting booth and voted P. P.'s ballot.

LL. Subsequently, on or about October 28, 2006, defendant **BILLY PROFFITT** transported P. P. to defendant **TONY GUMM'S** car dealership where defendant **BILLY PROFFITT** paid P. P. $20 for voting.

MM. On or about November 2, 2006, defendant **TONY GUMM** offered to pay N. A. $50 for voting.

NN. Subsequently, on or about November 2, 2006, a co-conspirator paid N. A. $50 for voting while N. A. was present at defendant **TONY GUMM'S** car dealership.

OO. Subsequently, on or about November 2, 2006, defendant **BILLY PROFFITT** accompanied N. A. into the voting booth and voted N. A.'s ballot.

PP. On or about November 3, 2006, defendant **TONY GUMM** offered to pay M. T. for voting.

QQ. Subsequently, on or about November 3, 2006, defendant **TODD NEWPORT** instructed M. T. to falsely inform the Monroe County Clerk that he, M. T., needed assistance to operate the voting machine, so that defendant **TODD NEWPORT** could accompany M. T. into the voting booth and vote M. T.'s ballot.

RR. Subsequently, on or about November 3, 2006, defendant **TODD NEWPORT** accompanied M. T. into the voting booth and voted M. T.'s ballot.

SS. Subsequently, on or about November 3, 2006, defendant **TODD NEWPORT** paid M. T. money for voting.

TT. On or about November 6, 2006, defendant **TODD NEWPORT** offered to pay S. V. money for voting.

UU. Subsequently, on or about November 6, 2006, defendant **TODD NEWPORT** instructed S. V. to falsely inform the Monroe County Clerk that she, S. V., needed assistance to operate the voting machine, so that defendant **TODD NEWPORT** could accompany S. V. into the voting booth and vote S. V.'s ballot.

VV. Subsequently, on or about November 6, 2006, defendant **TODD NEWPORT** accompanied S. V. into the voting booth and voted S. V.'s ballot.

WW.  Subsequently, on or about November 6, 2006, defendant **TODD NEWPORT** paid S. V. $50 for voting.

XX.  On or about November 6, 2006, defendant **TONY GUMM** offered to pay S. A. money for voting.

YY.  Subsequently, on or about November 6, 2006, defendant **TONY GUMM** instructed S. A. to provide false information to the Monroe County Clerk about his intended whereabouts on election day so that S. A. could vote by absentee ballot.

ZZ.  Subsequently, on or about November 6, 2006, defendant **TONY GUMM** instructed S. A. to use a false address at the office of the Monroe County Clerk's Office, so S. A. could vote for defendant **TONY GUMM** and others.

AAA.  Subsequently, on or about November 6, 2006, defendant **COREY PAGE** accompanied S. A. into the voting booth and voted S. A.'s ballot.

BBB.  Subsequently, on or about November 6, 2006, a co-conspirator paid S. A. $20 for voting.

CCC.  On or about November 6, 2006, defendant **TONY GUMM** offered to pay and paid D. Y. $20 for voting.

DDD.  Subsequently, on or about November 6, 2006, defendant **BILLY PROFFITT** accompanied D. Y. into the voting booth and voted D. Y.'s ballot.

EEE.  On or about November 6, 2006, a co-conspirator offered to pay S. H. $50 for voting.

FFF. Subsequently, on or about November 6, 2006, defendant **TONY GUMM** instructed a co-conspirator to transport S. H. from defendant **TONY GUMM'S** car dealership to the Monroe County Courthouse so that S. H. could vote by absentee ballot.

GGG. Subsequently, on or about November 6, 2006, defendant **COREY PAGE** instructed S. H. to falsely inform the Monroe County Clerk that he, S. H., needed assistance to operate the voting machine, so that defendant **COREY PAGE** could accompany S. H. into the voting booth and vote S. H.'s ballot.

HHH. Subsequently, on or about November 6, 2006, defendant **COREY PAGE** accompanied S. H. into the voting booth and voted S. H.'s ballot.

III. Subsequently, on or about November 6, 2006, a co-conspirator transported S. H. back to defendant **TONY GUMM'S** car dealership where the co-conspirator paid S. H. $50 for voting.

All in violation of Title 18, United States Code, Section 371.


The Grand Jury Further Charges:

## COUNT 2

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about October 25, 2006, in Monroe County, in the Western District of Kentucky, the defendant **MARTHA HUGHES** did knowingly, willfully, and unlawfully pay and offer to pay M. L. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c).

The Grand Jury Further Charges:

## COUNT 3

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about October 26, 2006, in Monroe County, in the Western District of Kentucky, the defendant **BILLY PROFFITT** did knowingly, willfully, and unlawfully pay and offer to pay G. F. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c).

The Grand Jury Further Charges:

## COUNT 4

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about October 27, 2006, in Monroe County, in the Western District of Kentucky, the defendant **COREY PAGE** did knowingly, willfully, and unlawfully pay and offer to pay A. B. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c).

The Grand Jury Further Charges:

## COUNT 5

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about October 28, 2006, in Monroe County, in the Western District of Kentucky, the defendant **BILLY PROFFITT** did knowingly, willfully, and unlawfully pay and offer to pay P. P. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c).

The Grand Jury Further Charges:

## COUNT 6

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about October 28, 2006, in Monroe County, in the Western District of Kentucky, the defendant **TONY GUMM** did knowingly, willfully, and unlawfully pay and offer to pay J. G. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c).

The Grand Jury Further Charges:

## COUNT 7

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about October 28, 2006, in Monroe County, in the Western District of Kentucky, the defendants **MICHAEL PAGE** and **TONY GUMM**, aided and abetted by one another, did knowingly, willfully, and unlawfully pay and offer to pay J. R. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c) and Title 18, United States Code, Section 2.

The Grand Jury Further Charges:

## COUNT 8

1. The Grand Jury realleges and incorporates by reference herein the allegations contained in the Introduction to the Indictment, and further alleges that:

2. On or about November 6, 2006, in Monroe County, in the Western District of Kentucky, the defendant **TODD NEWPORT** did knowingly, willfully, and unlawfully pay and offer to pay S. V. for voting in the general election.

In violation of Title 42, United States Code, Section 1973i(c).

A TRUE BILL

FOREPERSON

*(signature)* AUSA

DAVID J. HALE
UNITED STATES ATTORNEY
CGH:TWD:6/2/10

UNITED STATES OF AMERICA v. **TONY GUMM, ET AL.**

## PENALTIES

Counts 1-8: NM 5 yrs./NM $250,000/both/NM 3 yrs. Supervised Release (each count)

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  | Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |
|---|---|---|---|---|

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following** :

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

   18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

LOUISVILLE:        Clerk, U.S. District Court
                   106 Gene Snyder U.S. Courthouse
                   601 West Broadway
                   Louisville, KY  40202
                   502/625-3500

BOWLING GREEN:     Clerk, U.S. District Court
                   120 Federal Building
                   241 East Main Street
                   Bowling Green, KY  42101
                   270/393-2500

OWENSBORO:         Clerk, U.S. District Court
                   126 Federal Building
                   423 Frederica
                   Owensboro, KY  42301
                   270/689-4400

PADUCAH:           Clerk, U.S. District Court
                   127 Federal Building
                   501 Broadway
                   Paducah, KY  42001
                   270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. 1:10CR-27-M

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Bowling Green Division

THE UNITED STATES OF AMERICA
vs.
TONY GUMM

MARTHA HUGHES

COREY PAGE

MICHAEL PAGE

BILLY PROFFITT

TODD NEWPORT

## INDICTMENT

**18 U.S.C. §§ 371; 2;**
**42 U.S.C. § 1973i(c):**
**Conspiracy to Commit Voter Fraud; Voter Fraud; Aiding and Abetting.**

*A true bill.*

-------------------
                                                            *Foreman*

*Filed in open court this* 9th day, *of* June A.D. 2010.

-------------------------------------------
                                                            *Clerk*

*Bail, $*

FILED
DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
2010 JUN -9 PM 12:00